**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALLISON DANIELS,

Plaintiff,

v. Case No: 8:26-cv-2526-KKM-AEP

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

Defendant.

---

**ORDER**

Allison Daniels alleges that The Travelers Indemnity Company of America breached the insurance policy between the two parties by not providing Daniels with benefits relating to underinsured or uninsured drivers after one such driver collided with Daniels on July 28, 2022. *See* Compl. (Doc. 1-1) ¶¶ 6–14. On July 27, 2026, Daniels sued Travelers in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. *See generally id.*

Travelers removed the case to this Court on August 28, 2026, based on purported diversity jurisdiction. Notice of Removal (Doc. 1). I directed Travelers to show cause and explain "why the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied." Order (Doc. 4). Travelers fails

to respond. After considering the complaint, the notice of removal, and the attached documents, I remand the case for lack of subject-matter jurisdiction.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where the plaintiff has not plead a specific amount of damages," the removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to

show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

As an initial matter, Daniels does not allege a specific amount of damages. *See generally* Compl.; *id.* ¶¶ 1, 14 (alleging that the Daniels seeks in excess of $50,000 for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care treatment, loss of earnings and loss of ability to earn money" without greater specification). Instead, she seeks a judgment for undefined "damages . . . plus an award of attorney's fees and costs." *Id.* at 4 (Prayer for Relief).

In the Notice of Removal, Travelers points only to a pre-suit demand letter from Daniels. *See* Notice of Removal at 4. The September 23, 2024 demand letter states that Daniels incurred just under $24,000 in medical bills and paid almost $1,100 to a personal trainer following the accident. Demand Letter (Doc. 1-4) at 2. Aside from those medical expenses, the demand letter specifies no other monetizable injuries or pocketbook expenses. *See id.* To be sure, the demand letter "ask[s] for the UM policy limits," *id.*, which, at minimum, provides $100,000 in coverage, *see* Compl. at 5 (Attached Insurance

Policy); Notice of Removal at 4 (claiming that the policy could provide up to $200,000 in coverage). For its part, Dainels's complaint does not go beyond boilerplate allegations of injury. *See* Compl. ¶ 10. At bottom, Travelers points to around $25,000 in medical bills, a demand for full policy coverage in excess of $100,000, and Daniels's boilerplate allegations of injury to prove the amount in controversy.

Yet the documents that Travelers relies on are insufficient to establish that the amount in controversy exceeds $75,000. I find persuasive the reasoning of my colleagues that "ha[ve] determined that demand letters . . . are not sufficient evidence to establish the amount in controversy because a plaintiff's demand for the available policy limits does not establish that the claim will more likely than not exceed $75,000.00 by a preponderance of the evidence." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK-MAP, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014); *Underwood v. Home Depot U.S.A., Inc.*, No. 8:24-CV-372-SDM-AEP, 2024 WL 2155810, at *1 (M.D. Fla. May 14, 2024) ("Without more, . . . a demand letter [is] generally insufficient to establish that the amount in controversy exceeds $75,000."); *Hughes v. USAA Cas. Ins. Co.*, No. 6:24-CV-1595-JSS-LHP, 2025 WL 1085823, at *3 (M.D. Fla. Mar. 20, 2025). Here, the demand letter provides no meaningful insight into Dainels's injuries beyond her medical expenses that

would allow me to conclude that the request for the full policy amount is anything other than mere puffery. *See Jones v. Arby's Rest. Grp. Inc.*, No. 8:21-CV-1612-KKM-TGW, 2021 WL 4146474, at *2 (M.D. Fla. Sept. 13, 2021) (considering expenses listed within a demand letter to determine if the amount demanded was more than just puffery). Absent speculation—which I cannot deploy when assessing if Travelers carried its burden to establish the amount in controversy—Travelers demonstrated only $25,000 in injuries. *See Lowery*, 483 F.3d at 1211 (disapproving "unabashed guesswork" and "speculation" at the amount-in-controversy stage). To reasonably conclude that Dainels's claim places more than $75,000 in controversy requires more than the vague allegations, *see* Compl. ¶¶ 1, 14, or unadorned assertions that Daniels "suffer[s] . . . severe daily pain" and "is no longer able to enjoy life as she once did," *see* Demand Letter at 2.

In short, Travelers fails to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Thus, remand is warranted.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida,

and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 16, 2026.

Kathryn Kimball Mizelle
Kathryn Kimball Mizelle
United States District Judge